# JOHN M. MURPHY, JR., P.C.

*Attorney at Law*

**NEW JERSEY OFFICE**
Raintree Shopping Center
92 Village Center Drive
Building. C
Freehold, N.J. 07728
Tel: (732) 739-4100
Fax: (732) 409-9992

**NEW YORK OFFICE**
60 Bay Street
Suite 711
Staten Island, N.Y. 10301
Tel: (718) 442-4052
Fax: (718) 448-8685
email: jmurphy891@aol.com

JOHN M. MURPHY, JR.*
*ADMITTED NY AND NJ
NIKOLE PEZZULLO OF COUNSEL*

Ocotober 5, 2005

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ NOV 18 2005 ★
BROOKLYN OFFICE

Honorable Edward R. Korman
Chief United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                    Re: USA v William Tursi, M.D.
                    04 CR 672-01
                    Defendant's Submission on Sentence

Your Honor:

      This letter memorandum is submitted to the Court and Probation Department for the purpose of supplementing the original probation report and controverting those aspects of the report which the defendant considers inconsistent with the law and the facts of this matter and the advisory sentencing guidelines.

      This is a post **United States vs Booker** and **United States vs Fanfan** (Sup.Ct. #04-104, 375 F.3d 508, aff'd & remanded; and # 04-105 vacated and remanded) sentence.

      The probation report accurately describes the offender characteristics, physical condition, financial condition, employment history and educational background of the defendant.

      The specific offense characteristic analysis contained in the probation report as written is consistent with the guidelines analysis contained in the written plea agreement ( zone A ;0-6 months) but is, to some extent, inconsistent with the facts of the matter.

At paragraph 18 the probation report implies that Dr. Tursi prescribed a variety of medications to Richard Smith between May and August of 2000 including Tramadol, Ambien, Prinivil and Triamterene or that others prescribed them with his knowledge. . This is inaccurate.

The report as presently drafted states : "Tursi abused a position of trust in a manner that significantly facilitated the commission of the instant offense". The defendant concedes the failure to disclose the defendant's history of treatment for elevated blood pressure was wrong and that his failure to make the disclosure was a material omission from the Coast Guard's Medical clearance form. There is not a scintilla of proof in the record that Richard Smith's blood pressure , under control at the time of the medical examination in August of 2000, was a factor that contributed to the crash of the Staten Island Ferry several years later.

The evidence adduced at Richard Smith's pre-sentence hearings: in the 6 months immediately preceding the crash of the ferry, Richard Smith shopped around to multiple Doctor's in an effort to obtain a variety of pain and insominia medications. Dr. Tursi is not one of those Doctors.

The criminal history category determination (Category I) is correct. The defendant has no prior criminal convictions.

The defendant urges the Court to impose a reasonable sentence in this case. It is the defendant's view that there are a combination of factors present in this case justifying the imposition of a sentence which does not include the incarceration of William Tursi.

Dr. Tursi is the son of a city bus driver and school teacher. He is married and the father of three daughters; Elise, Kristen, and Mary. He and his wife have maintained a stable home life for their college educated children, providing each with the resources necessary to become independent and productive members of the community. He has contributed to the community in which he lives in many ways. The comments of his daughters , embodied within paragraphs 46,47 & 48 bear this out: "...a very close family...very supportive...an honest individual...a good, loving, caring..person (who)..cares for his patients as though they are family...his patients love him". Similarly the comments of the defendant's wife offer a glimpse into the consequences of this prosecution for William Tursi: " ...it is hurtful because he worked hard his entire life, and now his integrity is in question"( para 44. Line 7 et. sec.) .

We urge the Court to consider the collateral consequences of incarcerating the defendant on these innocent people in arriving at a sentence. Heretofore family circumstances were excluded from

consideration by the Sentencing guidelines. We ask you to consider them now and in the future pursuant to the authoity of 18 USC 3553. . Certainly the guidelines were written recognizing that "disruption of the defendant's life and the concomitant difficulties for those who depend on the defendant are inherent in the punishment of incarceration". United States v Johnson 964 F 2d 124,128 (2d Cir 1992). We urge the Court to adopt the view that the purpose of imposing a non jail sentence is not to benefit the defendant whose culpability is not decreased by his family circumstance, but rather to avoid wreaking extraordinary destruction on dependants who rely on him. See United States v Johnson , 964 F 2d 124, 129. In this instance we urge the Court to adopt the view that among the dependents of the defendant are the patients he cares for on a daily basis in his medical practice.

Included with this submission are letters from Dr. Tursi's patients, friends and family . More than any legal argument, the sentiments embodied in these tesimonials reflect the true character of the man who stands before you for sentence.

For all of the reasons advanced herein we ask the Court to impose a reasonable sentence wherein Justice is tempered with mercy.

Respectfully submitted,

*[signature]*

John M Murphy, Jr., Esq.

cc: A.U.S.A. Sarah Coyne
 U.S. Probation Officer Michelle Espinoza